REQUESTED BY: Michael L. Offner, Webster County Attorney Red Cloud, Nebraska.
When counties, each of which is under 200,000 population, join together to form an agency under the Interlocal Act provided by Neb.Rev.Stat. §§ 23-2201 et seq. (Reissue 1977), must the joint body publish a summary of its proceedings and a listing of claims?
Yes.
Neb.Rev.Stat. § 23-122 (Reissue 1977) provides that the county board of all counties having a population of not more than 200,000 shall cause to be published within ten days after the close of each annual, regular, or special meeting of such board, a brief statement of the proceedings thereof and a listing of all claims allowed as therein provided. Publication may be dispensed with only when the same cannot be accomplished at an expense not exceeding 3/4 of the legal rate for advertising notices.
Neb.Rev.Stat. § 23-2204 (Reissue 1977), a part of the Interlocal Cooperation Act, provides that any power, privilege or authority capable of exercise by a public agency, including a county, may be exercised jointly with other public agencies having the same powers etc. Such section further provides that such public agencies joined together shall adopt an agreement containing certain mandatory provisions therein provided. One of the requirements which must be set forth in said agreement is the manner of financing the joint undertaking.
Subsection (5) of said section provides as follows:
 No agreement made pursuant to sections 23-2201 to 23-2207 shall relieve any public agency of any obligation or responsibility imposed upon it by law except that to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, which performance may be offered in satisfaction of the obligation or responsibility.
The foregoing statutes are clear and unambiguous. It is a well founded rule of statutory construction that `a statute is open to construction only where language used requires interpretation or may reasonably be considered ambiguous.' Omaha Public Power District v. Nebraska StateTax Commissioner, 210 Neb. 309, 314 N.W.2d 246 (1982).
The Interlocal Act clearly provides that the public agencies may join together only to perform acts which they have authority to perform singularly. It further clearly provides that no agreement made under the Interlocal Act shall relieve any public agency (in this case, counties) of any obligation or responsibility imposed upon it by law except to the extent that it is performed by the joint agency.
Therefore, any acts which the joint agency legally performs are necessarily those which the individual counties could legally perform through their county boards. Since county boards must publish their proceedings and claims allowed, they cannot be relieved of this responsibility except to the extent it is accomplished by the joint agency.
It is therefore our opinion that a brief statement of the proceedings of each annual, regular or special meeting of the joint agency, together with a listing of the claims allowed, must be published in accordance with § 23-122 (Reissue 1977), the same as if each county were taking such action individually.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General